Please be seated. Judge Pragerson, can you hear us and see us? Loudly and clearly. All right. And you look great, both of you. Thank you, Lieutenant. All right, Captain. Would it be all right if I preside? Yeah. Okay. This is the time and place for argument on the petition for a hearing in Ramadan v. Gonzales. Are both sides ready? Okay. You may argue. Good morning, Your Honors. My name is Amos Lawrence, and I'm the petitioner's counsel. I'm resplitting my time with the ACLU attorney this morning and this afternoon, and I'd also like to reserve two minutes for rebuttal. Okay. I represent the petitioner, Mrs. Ramadan, in this petition for a hearing in which we have asked this Court to reconsider both its holding that changed circumstances is predominantly a factual question, which is precluded from review even after the Real ID Act, and its particular application of that holding to my client's case. In consideration of the Court's general holding that changed circumstances is predominantly a question of fact, my co-counsel from the ACLU and I share the opinion that this holding is too broad because it will likely be relied upon in the future in contravention of this Court's express holding in seeing the Ashcroft 351F3rd to preclude review of every changed circumstance determination that does not involve a question of pure statutory interpretation. It is our position, therefore, that your decision should acknowledge foremost the continuing viability of established precedent that questions of law formally reviewable in habeas include the application of legal principles to undisputed facts. My principal objective in this petition for hearing, however, is to persuade this Court that Mrs. Ramadan's particular changed circumstance claim presents a question of law subject to review because it is based solely upon an issue which this Court has consistently recognized in the past as a question of law, where the facts of an asylum applicant's claim are not in dispute, namely the question of statutory motives. As I believe is clear in our petition, the specific and limited legal question raised here is whether the Muslim Brotherhood's motivation for harming my client and her family has material changed since her arrival in the United States. Breyer. Threatened to harm, right? Waxman. Threatened to harm. Waxman. Yes. The threats are have changed from a non- Breyer. No actual harm on this record, is there? Waxman. There is no harm, no. Has changed from a non-statutory ground which would not have formally qualified her for relief to a statutory ground which presently would. Since resolution of this question requires the application of legal principles to undisputed facts, it is our position it is subject to review as a question of law pursuant to the Reality Act. In its response to this particular contention, the government argues at page 1 and 18 of its response, that this argument was foreclosed by the Supreme Court's holding in INS v. Elias Zacharias and by this court's determination and reliance upon Elias Zacharias to apply the substantial evidence standard and review of the BIs to null my client's withholding claim. Contrary to both this court's holding and the government's assumption, however, this court in SING v. Elkert at 63rd F3rd at page 1507 expressly rejected the government's contention that Elias Zacharias mandates the application of the substantial evidence standard to the question of persecutory motives in holding that when the underlying facts are not in dispute, the question of persecutory motives remains a legal one subject to noble review. In theory, therefore, Mrs. Ramadan's changed-circumstances claim does indeed raise the question of law subject to review by this court pursuant to the Reality Act, and the government's contention, to the contrary, is inconsistent with this court's previous holdings in both SING v. Elkert and SING v. Ashcroft. Concerning the actual merits of Mrs. Ramadan's claim that the Muslim Brotherhood's persecutory motives have recently changed from a non-statutory ground based upon her dress and lifestyle to a statutory ground based upon her expression of political opinion, the government maintains at page 6 of its response that the record actually refutes this contention in light of Mrs. Ramadan's written statement at page 306 of the record that the Muslim Brotherhood's threats to kidnap her children immediately prior to her departure from Egypt were based on both her refusal to curtail her opinions and her dress. The government's contention in this regard, however, fails to acknowledge this is not what Mrs. Ramadan testified to at her subsequent hearing, and more importantly, this is not what the IJ found to be the case in her findings of fact. Consistent with Mrs. Ramadan's contention in this petition, the IJ expressly found at page 49 of the administrative record that Mrs. Ramadan fled her native country in 1999 because this entity threatened to kidnap her children based upon her manner of dress and her work as an athletic instructor. Thereafter, at page 50 of the administrative record, the IJ acknowledged that the more recent threats against her were made after she attended a function in San Francisco where she was openly critical of the lack of rights of Egyptian women in that society. Contrary to the government's contention, therefore, the IJ's factual findings in this case do support Mrs. Ramadan's claim that the apparent motivation for this entity's threats had changed since her arrival in the United States. Although the immigration judge... What would you make of her testimony, I think it's on page 89 to 90, when she says she faced problems mostly from the Islamic groups, first of all because I'm female, second because I don't adhere to the teachings of Islam or the Quranic teaching, third because I'm outspoken. That's on page 89, Your Honor? Yes, I think so. 89 of the hearing transcript. Yes. I'm sorry, yeah, 89 of the record. It's referring to when she went to school before 1983. Her claims of asylum, though, are based on her fears of Muslim brotherhood, which started in the 90s. Right, but the IJ talks about her ongoing harassment going way back, which would seem to have its origins somewhat in a political view. True, except that her original problems at her university were with the faculty and other students. Her father and her brothers were based on beatings based on her manner of dress. Her claims of asylum in particular... You're going to have to keep your voice up and speak into the microphone. Thank you. All right. The IJ's finding is that the Muslim Brotherhood's threat to harm her prior to her departure from Egypt is no more grave than their threats to harm her or implied threats to harm her since her arrival in the United States. And our position is that the focus of the Muslim Brotherhood's threats renders her prior public speech as a university student irrelevant, because that has no bearing on the Muslim Brotherhood's motivation for presently harming her. You're close to two minutes. Did you want to save that, or did you want to save a minute of yours and a minute of... Good afternoon, Your Honors. Lee Gallant for the ACLU and American Immigration Lawyers Foundation, appearing as Amici. May it please the Court. I'd like to address two basic areas. The first is generally what we view as the scope of review under the Real ID Act, and specifically Section 1252A2D, and then talk a little bit about why we think changed or extraordinary determinations fall within that scope of review. Our position is under the Real ID Act, as we set forth in our brief, that it encompasses constitutional claims, pure questions of statutory construction and regulatory construction, and the application of law to fact. So basically all legal claims, but not historical fact determinations, what some people might call primary or historical facts, and certainly not discretionary determinations. But we do believe that application of law to fact and regulatory claims are reviewable. The government's response to our petition, to our amicus brief, actually conceded the regulatory claim and was sort of evasive on the application of law to fact, but we think it's absolutely clear that both of those have to be reviewable. And since Sear discussed a case, a CARDI, which dealt with a regulatory claim, it mentioned absolutely that both of those have to be reviewable. And we think that the application of law to fact has fallen within the traditional scope of habeas review. And I think more importantly, post St. Sear, this Court, in the same case like the Second Circuit in Wong, like the Third Circuit post Real ID in Kamara, has specifically said that the application of law to fact falls within the traditional scope of habeas review, and I think there's no question, I think even the government concedes in this Court, in this footnote, it's an original opinion, said that what Congress was saying was that this Court, by petition for review, in a sense, to streamline, but not to eliminate review, not to eliminate review of claims that were traditionally cognizable in habeas. I'm sorry, Your Honor? Not every circuit has agreed with what you just argued, has it? Most of the circuits have agreed with Chin and our original Ramadan opinion, right? To be sure, Your Honor, this Court's Ramadan decision has now gained momentum, and as far as we know, to be frank with the Court, every circuit, other than the D.C. Circuit, has agreed with this Court. But I would add, there's a rehearing petition still pending in Chin, that Court asked the Solicitor General to respond to our brief as well and to coordinate its response, the response here, and that remains pending, that's been pending for a while. And I think most of the other cases now that have followed have simply cited Ramadan and Chin without a lot of independent analysis, and we're not aware of any of those cases sort of getting very full briefing or doing a full analysis, and I think, so it's sort of stemmed from this Court's decision, and that's why I think it's important that we be able to give you sort of our view of the full scope of review here. And I think, as I said in this Court, that is a classic application of law to fact that was found reviewable historically in habeas. The immigration judge cited the correct legal standard, which is more likely than not to be tortured under CAT. It found the historical facts, there was no dispute about the historical facts, the who, what, and where, but then this Court said applying that more likely than not standard to those facts, whether those facts rise to the level of that statutory standard, meet that standard, and that's what we're doing here. And I think that's one of the other things that's going on is there may be wiggle room on the term question of law. Courts have always had trouble defining it precisely, but it's being interpreted now against momentous constitutional questions. That if you were now to hold that application of law to fact is not reviewable, I think you would then be embroiled in enormous suspension clause questions, and I think there's nothing compelling this Court to say question of law does not encompass application of law to fact, specifically given that the word pure was deleted from a prior version. St. Cyr said application is reviewable. I think Judge Thomas had a question. No, I understand your argument. I think as we apply this, my question to you in this context is, if we're talking about changed circumstances, aren't we then always talking about an application of law to fact, and in this particular area, doesn't that always mean that we're going to have jurisdiction over virtually every case in which a colorable claim is made? Your Honor, that's a very good question. I want to be as absolutely clear as possible where we would see drawing the line, and give you some examples, some concrete examples, so that it's not so much of an abstraction. We believe that where the historical facts are at issue, that would not be reviewable. So you're raising the point. I'm talking about when the historical facts are understood. That's absolutely right. I mean, there may be places to draw lines, but our view, I think, based on the history, based on St. Cyr, based on this application, would always be reviewable. There may be some pure claims or constitutional claims embedded, and just to pick up on the conversation you had in the first argument, Democrat versus Republican, one's changed circumstances, one's not, or one's extraordinary. I think that's so arbitrary that it would be a due process violation. Or, if there was a per se rule laid down by the immigration judge, a coup in the former country can never constitute changed circumstances. I think that would be a pure question of law. But application of law to fact, whether the facts meet the changed or extraordinary circumstances, whether they're sufficient, I think that would always be reviewable. And I think, to be clear, I think that is consistent with this Court's, not only with the Singh case in the immigration context, but outside the immigration context, generally with this Court's mixed question of law jurisprudence, and with the Supreme Court's mixed question of law jurisprudence in saying that where you have to flesh out a legal standard, on a case-by-case basis, that's a legal question where the legal provision can only be given substantive content through the application. It's treated as a legal question. So you take cases in the Supreme Court like Miller v. Fenton or Thompson v. Kehoe or Ornelas, and we can provide those sites. Those cases involve Thompson in custody, Ornelas, probable cause and reasonable suspicion, and Miller v. Fenton, voluntariness. The Supreme Court responded to the other side specifically by saying those are very fact-specific inquiries, so it's unlikely we're going to be able to lay down a bright-line rule. And the only way these can be given substantive content is by applying them in case after case, but they treated that as a legal question. Application of law to fact can be treated, because otherwise the statutory standard could be eviscerated. Now, just to give you some very practical examples. Mr. Gallinert, when we're dealing with changed circumstances, aren't we dealing with, you know, in a sense with a discretionary decision? And if we have a discretionary decision, then we run into the jurisdictional problem. Yes, absolutely, Your Honor. If it were discretionary, which this Court in its prior opinion did not say it was, if it were discretionary, we would not claim that it's reviewable. We do not believe that it is discretionary, in fact, because what this Court has said are discretionary claims or claims that have a subjective element to it that are sort of like a hardship, a hardship characteristic or something along those lines. And this Court specifically in Nakamoto said that the mere inclusion of the phrase to the satisfaction would not make something discretionary. And I don't think this has the quality of the attorney general or BIA or immigration judge making value judgments like have been required in cases this Court has found that the provision is discretionary. Just to give you some examples, what is happening out there are ----  Sorry, Your Honor. When you're dealing with a concept of changed circumstances, and I think it's illustrated by this case, where what happened earlier is in many ways pretty much the same as these later threats, isn't there a subjective element to that? I don't know if I would say it's subjective. If the immigration judge and Board of Immigration Appeals and then this Court ---- There's a judgment element. There's certainly a judgment, but I don't know that I would say ---- And a judgment element involves subjective considerations. What's in there? Well, I think what this Court has said are discretionary provisions or provisions where not just judgment is called upon, but sort of value judgments where there's really nothing this Court can do to review. Is there hardship? Or are the positive equities greater than the negative factors? Things where there's really no way to apply law. I think here there is the fact that it's been fleshed out in regulatory standards shows it's not discretionary. And interestingly, in the training manual for asylum officers, the INS has taken the position that to the satisfaction just identifies the decision maker and the burden of proof, doesn't make it discretionary. Well, what's your best argument? Is it the argument that involved the habeas? Is that your best argument? Well, I think that application of law to fact was reviewable in habeas, and that St. Cyr said it in post-St. Cyr. This Court has said it. And just to give you some examples to flesh it out, because I know it gets very abstract, what we're seeing now routinely, and it's exacerbated because the BIA never issues a decision, immigration judges are routinely citing the correct legal standard in the front of their opinion. So they're acknowledging that if there's extraordinary circumstances, something can be you can have an exception for the one year. Then they're going on to say we know mental disability or post-traumatic stress disorder can make up an extraordinary circumstance. Then they find the historical facts. And then they're routinely not finding that they meet that standard. But what we're seeing, so, for example, we're seeing cases over and over, the person's been raped and tortured for years, comes to this country, maybe they're a minor, and these are all case examples which we can provide you. And after 14, 15 months, finally gets to apply, and the immigration judge finds facts saying, well, you were going to the grocery store on your own, you were taking care of your kids, why couldn't you apply for asylum? So effectively, what the immigration judge is requiring is full incapacitation of the person. When the statutory language only says, is the circumstance directly related to not being able to apply. Sotomayor. Assume we were to accept the argument that Real ID embraced the notion of application for facts. Give us an example of a hypothetical change circumstance case that we could not review. I think, in our view, if the immigration judge, for example, in this case or any other case, were to say, you know, to find a fact that says this person was persecuted on her speech and she was disputing whether she was persecuted on her speech or any historical fact of who, what, when, and where, which I think happens a fair amount, I don't think that you would have to review that. But where the immigration judge is saying, well, those facts don't rise to the level of a changed circumstance or don't rise to the level of an extraordinary circumstance, I think if you don't review it, those standards are not going to get fleshed out. They're effectively going to be gutted in just that kind of case, that post-traumatic stress disorder, or maybe there's not a coup, but there's some type of change in the government. Well, let me give you another hypothetical. Let's say that the petitioner says, I agree that nothing has changed from the time I went to Egypt until the time my activities in Egypt and here are the same. Historical facts are undisputed. Under your argument, we still have jurisdiction because we have to apply the law to those facts, even though it's essentially a concession that the petitioner doesn't meet the circumstances. Well, you know, I don't know if they actually – I mean, would your argument be that we have jurisdiction but we should deny or that – I mean, you know, it's a little difficult with an actual concession. You know, I guess what I feel like and what may be the elephant in the room to some extent is our view is that it's too hard – I mean, I think that there may be lines to draw, but it's very hard to draw these kind of jurisdictional lines, and you get very close to raising suspension clause issues. What I think needs to be done – You need to wind up.  the intrusiveness of this Court's review using a standard of review that seems appropriate rather than just say we don't have review of the application of the change or extraordinary circumstances to a given set of facts, because then what you have is the IJ's overworked – the BIA's only issued two published decisions in all this time on this – can effectively gut the legal standards by simply citing them correctly in the beginning but routinely saying no set of facts ever meets it. Now, I don't think that you necessarily need to use a de novo standard. I think in Singh, for CAD claims, you use the substantial evidence standard. You might use de novo. A pretty long-winded wind-up. I'm sorry. With a significant amount of deference. But I think otherwise the legal standard will get gutted simply because the IJ's will state the standard correctly but routinely say it never meets that. Thank you for your – Well, you're basically – excuse me. You're basically saying that when the historical facts are not in dispute, that then the Court's application of the law to those undisputed facts, that falls within the ambit of question of law. Yes, Your Honor.  I got you. Thank you, Your Honor. We'll hear from the Attorney General at this time. Is my picture up there on the screen? It sure is, Your Honor. We can see you. We can hear you. You look pretty good. But I can't see myself. You're going to have to leave that pleasure to us, Judge Bragerson. You're not wearing a hat. All right. Here I am. Counsel, go right ahead. May it please the Court. Brian Byer on behalf of the Attorney General's Responder. The Court has granted rehearing limited to the issue of Petitioner Ramadan's case, and I'd like to begin by really kind of focusing on the case before the Court instead of some of these broader issues that have been raised by amicus. The salient facts as to changed circumstances are not undisputed here. As I was going through this case, I realized that my response to the petition for rehearing included an error. The agency never ruled on what the motive was for any of the threats that Ms. Ramadan experienced and never held that she did not satisfy any motive requirement. The sole basis of the agency's decision was she had not been persecuted, she did not demonstrate the appropriate threshold of probability for persecution. In fact, in evaluating the question whether changed circumstances were presented, the immigration judge noted on page ‑‑ I'm sorry, I have to provide the site separately, but the immigration judge noted that he was assuming the possibility that her claim was a particular social group claim, and the basis for his conclusion that there was no changed circumstances was that her activities, that there was, he said, she said, she said, I would deem that this description of what has occurred to her in the United States does not constitute changed circumstances because her activities in this country, well, this is kind of garbled, but would place her at any greater risk than she would have been at the time that she left Egypt in 1999. So is your argument that the result in this case would be the same even if we adopted your opponent's argument as to the reach of the jurisdiction unstripping provisions of Real ID? Well, Your Honor, my ‑‑ How about starting with a yes or no? Pardon me? How about starting with a yes or no? Would you please rephrase the question? If I'm going to ‑‑ okay. Is the Attorney General's argument, you're here on behalf of the Attorney General, correct? Yes. Is your argument that the result in this case would be the same even if we were to adopt your opponent's expanded, if you will, description of what Section 106 of Real ID Act does in terms of our jurisdiction, in other words, that would allow courts of appeal to review, for example, application of law to facts? It sounds almost like a trick question, Your Honor. It's not intended to be. Would the result be the same whether we applied the standard in the opinion as written and filed or the standard that your opponents urge us to adopt? Well, the premise is that the facts are undisputed. The premise of counsel's position. And that's not a premise that the Attorney General will accept. The salient facts here are ‑‑ relate to Ms. Ramadan's reasons for not applying. I think we all understand those. I guess my question is could we have easily as not written this opinion and said even if we were to accept the argument that 106 restored jurisdiction to include application of law to facts, the Petitioner still does not prevail, still loses? Your Honor, that's a very difficult issue to answer because Petitioner's argument rests on this issue that's actually not addressed by the agency. If I might interrupt, I don't think it does. Let me tell you why. What they're saying, if I understand their argument, is they aren't contesting that the agency may have the right to make factual determinations. So they're taking it from the opposite point of view. They're saying, all right, we're going to adopt and concede that the factual determinations as made by the IJ. Now, the question is applying the regulation, the statute, does that constitute change to circumstances? Her argument is taking the facts as found by the agency and applying it to law, is that a question over which the Court has jurisdiction or not? You're saying there are disputed facts, therefore there's no jurisdiction. I don't hear their argument being quite that direct. That's not the complete argument. My argument is a reason for not addressing the particular argument that they're making here. This is not a case that presents the application of law to undisputed facts. Our argument is... No, they're asking application of law to facts that have been resolved by the IJ. The argument is that petitions they're making relates to motive, and the IJ did not resolve that issue. Okay, I don't think we're getting anywhere, so let me take on that. We're painting on a broader canvas. Let me shift gears. Let's assume you have a case where it's indisputed that the IJ and the BIA simply applied the wrong period of time. They analyzed changed circumstances before the time expired. Do we have jurisdiction over that or not? Well, Your Honor, if there's an issue about the construction of the term year... No, we're just saying there's just no doubt. They said the changed circumstances that occurred during the expiration of time don't measure up. We say, well, you analyzed the wrong period of time. To me, that would seem to be an application of law to fact, over which you would say, I think we don't have jurisdiction. If it depends on a construction of the phrase changed circumstances, if there's a basis for construing the statute in such a way, and it's not a discretionary determination, then certainly the court would have jurisdiction. But as Judge Pregerson was noting, this is a statute that really includes a large measure of discretion. Well, the reason I ask the question is that this very panel had that case. And in amem dispo, we said we did have jurisdiction over that circumstance. We said when the BIA and the IJ just get the facts wrong, apply the statute wrong. Incorrectly, even though there are conceded historical facts, they just got the wrong period. They analyzed the period prior to the time which it expired as opposed to the time after which the period expired to analyze changed circumstances. We said, well, that's a question of, you know, they simply got the application of the statute wrong. Now, to me, reading your brief, I think you would say that we are incorrect and we should not have exercised jurisdiction, because clearly that's an application of law to fact. Americans are doing the statute. We're not saying what it says or doesn't say. We're just saying you just applied the facts of the law incorrectly. But this panel, in fact, did exercise jurisdiction. What the Court, I guess, is approaching is the issue of a mixed question of law and fact. I don't know if that phrase is useful. And what the Real ID Act legislative history makes clear is the Court needs to tease out the issues that are really statutory construction issues from the factual elements of the claim and review the legal aspect of it. And it's difficult for me to address the case because I have no prior knowledge of it, but it sounds like the sort of thing where a court would find that there really is a statutory construction issue there. Well, statutory construction has two different, I suppose, in a way, different ways. If it's pure statutory construction, you say, well, does this particular claim reach the statute? But if you're looking about how the IJ or the BI applies the facts to the regulation of the law, that necessarily involves some mixed question of law and fact, because you're looking at not as a challenge of the basis of law, but a challenge as an applied challenge. And so I think the Petitioner has a pretty good point here, that if there are truly abstract questions, there are very few of those. Most of the questions about whether this constitutes a changed condition or circumstances within the meaning of the regulation probably involve some factual determinations. And the fact that there are facts involved, I think, doesn't necessarily preclude our review. Well, Your Honor, before the REAL ID Act was passed, this Court had recognized that the review of whether the court had jurisdiction entailed whether a determination had been made by the Attorney General and whether the argument was challenging that determination. In cases where the question was whether the alien had actually applied within a year, this Court found that it had jurisdiction, because that was not a determination of the Attorney General. What the REAL ID Act does as a matter of statutory law is it authorizes, it prevents the courts from adopting a construction of the statute that would preclude answering a question of law. And it's something that's very closely tied to the language of the statute. I don't understand that statement, that it would preclude examining, I think you said, a question of law. I mean, look, what if you just have a situation following up on what Judge Thomas has said where the I.J. has just made a blatant error? And you're saying, then, that there's no jurisdiction to review that decision? A blatant error respecting the changed circumstances issue or just a blatant error in general? Just blatant error in general. He's just all screwed up, and he just looks at these facts, and they're either out of date or they clearly show that there have been changed circumstances, and the I.J. concludes, well, no, I don't believe that they do, even though, say, the facts are undisputed. So you're saying the courts just have to accept that? Yes, Your Honor. Well, okay, let me take another hypothetical before you go on to explain. Let's assume that the I.J. and B.I. clearly and obviously get the date wrong. In fact, the Petitioner has applied within the one-year period. It's undisputed. Your argument is, well, courts have no jurisdiction to consider that, right? Well, it's a fact. There's no – I mean, there's not a legal determination. You don't have to construe the statute. They just got the date wrong, and everybody concedes it. Your Honor, I would hope that the appellate process to the board – We're talking about jurisdiction. We're not – we're not – This is a hypothetical to give you a concrete example of what Judge Ferguson is asking, which is what if there's just a blatant error? I mean, do we have jurisdiction to consider that or not? So I gave you an example. Do we have jurisdiction or not? Well – Yes or no. In your view. In your view. If there is no evidence to support the factual finding, then, you know, that's the sort of question that would really amount to a due process issue that the court would have jurisdiction over. So there's a due process exception, but that's it? For factual errors? Well, if – there's a recent case, and I don't mean to suggest that the court should adopt the standard that Judge Posner has used. But the Sevilla case, in another context, and it was just mentioned in my 2008 letter, discussed this sort of issue. He explained that where there's a finding that is wacky, there might be – His words, not yours. Precisely. There may be a due process dimension to it. Right. But then we fall right within the suspension clause, don't we, problem? Because if, in fact, we lack jurisdiction – I mean, they don't raise a due process claim. They just say, look, you've got this wrong. If you're saying we have no jurisdiction under Real ID to consider that, but it's undisputed that the IJ and the BIA got the fact wrong, and we can't consider it because ordinarily we say, well, under the Petitioner's Theory, you'd say, well, that's an application of law to fact and you have jurisdiction. Under your theory, no, we have no jurisdiction at all. Then, in fact, I think because it's a due process problem, don't we run head-on into the suspension clause problem? Well, let's return to this particular statute. This is the best way to answer it, I believe. The statute in substance sets a one-year time period for applying for asylum. But that one-year time period is not without exceptions. Congress authorized the Attorney General in some instances to consider a late-filed application where it appears to be justified. Congress indicated that there were basically two good justifications for it, changed circumstances and extraordinary circumstances related to the delay. The Attorney General fleshed out the meaning of those two regulations that guide the IJ and the Board. And an alien who fails to apply and fails to convince the agency that there's good cause to consider the application still is considered for withholding of removal and will have their removal withheld to any country where it's more likely than not that they may be mistreated on account of grounds within the statute. And these are all important considerations in considering whether there's a suspension clause issue. The issue of whether a question of law or a – I'm sorry. The issue of the application of law to facts doesn't necessarily raise a suspension clause issue in the abstract. I mean, it's – it's – Well, that's not what the Supreme Court said in St. Cyr, is it? Well, Your Honor, St. Cyr was focused on the problem of a pure question of law going to the agency's authority. And the need to frame – There's a significant discussion in St. Cyr about jurisdiction, isn't there? There is. And the Supreme Court – They were called upon – there they were construing AEDPA and IHRA-IHRA and what the impact that it had upon jurisdiction of the courts. Yes. And their language at page 302 is – it's 301, 302. At absolute minimum, the suspension clause protects the writ as it existed in 1789. And they go through a series of examples of what the writ looked like at that time. And they say the issuance of the writ was not limited to the challenges to the jurisdiction of the custodian, but encompassed detentions based on errors of law, including the erroneous application or interpretation of statutes. What do we do with that? Well, Your Honor, that's one statement in St. Cyr. And the holding of St. Cyr is really much different. The concern in St. Cyr that motivated the decision was that if the court accepted the government's argument, then no court would ever be able to review the Attorney General's question of construction of a statute that didn't have – that was not tied to the circumstances of a specific case. And that's a distinction that is reflected in some of the court of appeals decisions after the Real ID Act that discuss whether question of law is presented. In my 28J letter, I cited a case – I'm not quite sure about the pronunciation – Mutaseb v. Gonzales in the Sixth Circuit. And what this case reflects is that the court needs to undertake a particularized inquiry into the nature of the claim in order to determine whether it has jurisdiction. But does that say really, in essence, mixed question of facts and law are on the table? Pardon? Does that really imply that questions about mixed facts – mixed questions of facts and law should be on the table jurisdictionally? No, no, Your Honor, because that's what the court needs to do in order to evaluate jurisdiction. But then what it said was that an assessment of the argument would require us to consider evidence – in this case, it was a Palestinian – consider evidence regarding the nature of the violence in the West Bank to determine whether, as a matter of fact, Palestinians have become targets of violence on the basis of their nationality and political views. Because this claim relies on contesting these sorts of factual determinations rather than on statutory construction or a constitutional claim, we lack jurisdiction. And with this case, the Sixth Circuit joined the other circuits, including this one, that have ruled uniformly that a changed circumstances claim is predominantly factual and discretionary. Let me ask you a different question. Typically, you've tried to confine – your argument is that we should confine this to pure statutory interpretation. But I must tell you, you know, because we hear a lot of immigration cases, as you know, most of the time when your agency comes up here and the petitioners say, we want this court to construe the statute, your position is, no, no, no. You shouldn't be construing the statute. You should remand that to the agency under Ventura because we should construe the statute, and then you should apply Chevron deference. So if we adopt your position at the end of the day, basically you're saying there's very little role for courts at all, aren't you? The interplay of the – yes, I think is the answer. The interplay of the various doctrines of exhaustion and the need to permit the agency to address an issue in the first instance and other principles of administrative law are ones that effectively embody the separation of powers between the executive and Congress and the courts. And those are important factors in the court's review of these immigration cases. So when Congress passed the following language, nothing in this statute or any other provision of this chapter which limits or eliminates judicial review shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section that they meant to restrict the jurisdiction that existed prior to the enactment of Real ID? No, Your Honor. The Real ID Act doesn't restrict the jurisdiction of the courts of appeals. What did it do? The Real ID Act moves the cases from the district court into the court of appeals. Habeas cases. Habeas cases. Eliminated district court jurisdiction over challenges to removal orders and ensured that questions of law and constitutional claims would be addressed or could be addressed when properly presented to a court of appeals on a petition for review by preventing the courts from concluding that there was no jurisdiction to review it. So under your scenario, when does a petitioner get an evidentiary hearing on the constitutional claim? You cannot raise constitutional claims before the BIA. District courts precluded under Habeas review. We get a case on a petition for review because now we have the Habeas cases under the rubric of petition for review. When does a petitioner get an evidentiary hearing as the petitioner had pre-Real ID Act on the factual underpinnings of the constitutional claims? Well, Your Honor, that's a difficult question to answer in the absence. What would we get paid to ask? I guess I'm getting paid to try to answer. The Habeas review generally would be restricted to the administrative record. Yes. But as we know, you can't present in the administrative record your constitutional change. If you're challenging, for example, equal protection under NACARA, a case that we've resolved, of course, or any of those other constitutional claims, that's not cognizable before the BIA, and they've said so. So it used to be you present that to the district court on Habeas review and have an evidentiary hearing if it's needed, develop the record, and then we would decide the constitutional question based on a record. Under your construction of the Real ID Act, when does that occur? Or how does that occur? Your Honor, the Real ID Act doesn't change the court's jurisdiction to review constitutional challenges to statutes and things like that. I mean, this court and other courts have recognized that there's no exhaustion requirement for an equal protection claim. Yes, no, I understand. My question was when does the petitioner get to develop the evidentiary record to support the claim? If it hasn't been developed before the board during the IJ hearing or the board hearing process, there's a motion to reopen. But the board is precluded from deciding, for example, that the statute is unconstitutional, right? Well, that's correct, Your Honor, but that doesn't mean that it's well settled that the fact that an agency or an administrative decision-maker cannot grant a particular remedy doesn't excuse or doesn't make exhaustion of the requirements futile. For example, there's a recent Supreme Court case, and I think it was Woodford v. Ingo, that addressed this very point and said that exhaustion means proper exhaustion. And it means proper exhaustion even if a remedy cannot be the remedy that the aggrieved petitioner seeks cannot be afforded by the agency. So where does the hearing take place? Well, it would appear that the factual basis for the claim, if not developed during the IJ hearing, could be developed by an evidentiary submission on a motion to reopen or some other submission. In addition, the court has to be able to do that. And who is that submitted to, the IJ? Well, under the regulations, it would be submitted to the IJ or to the board, whichever is appropriate. In addition, the court has authority under the Hobbs Act to direct a hearing if one has not been held before a particular action has been taken. I don't have the Hobbs Act statute in front of me, so I can't really walk the court through it. But it has authority through the Hobbs Act to make sure that the evidentiary record is developed as appropriate. Well, can that hearing then be held before the district court? Your Honor, if the court permit me, I'll submit a supplemental letter on that, because I'm not really prepared to answer that specific question at this time. Well, I realize it's not this case, but if I understand where I think you're going in this case, it goes something like this. If a petitioner wants to raise a statutory or constitutional claim against this regulation or statute that requires an independent evidentiary presentation, you say that they have to make that evidentiary presentation, even though it's irrelevant to the claim, to the BIA or the IJ, or they're forfeited. And then when you raise the claim on, it comes up to us in a pure question of law, we have no factual record. And if we – if it comes up on a pure question of statutory interpretation, do you think we ought not to decide it and defer to the agency? That's kind of how all of these doctrines interplay in this little segment we have in front of us. Your Honor, the statute is set up to permit the review of these kinds of questions. It does require, though, that they be presented at the agency so that the opportunity is made for the agency to make the correct decision in the first instance. How can the agency rule that a statute is unconstitutional? Well, that's a specific exception to the situation. But the administrative record is the appropriate place, or the administrative proceeding is the appropriate place to develop the factual basis. But if the IJ said, look, I can't decide on whether this statute is constitutional or not, I'm not going to hear evidence on equal protection or your equal protection evidence, the IJ would be perfectly entitled to say that. So, again, then don't we get in, in the hypothetical case, right up against the suspension clause problem, because given all the interplay of these statutes, we're presented with the theoretical circumstance. I'm not necessarily talking about this case, where, in fact, the Petitioner has no opportunity to develop the facts or present a constitutional claim. Well, I think that the situation that the Court is addressing here is really a question whether the hearing is adequate. I mean, it's almost sort of a due process argument. You know, is the hearing adequate to receive it, you know, to fully develop the case? And I can't personally say that I'm aware of any instance where an IJ would exclude evidence on that basis. And so, really, it's clear that we will be. You know, the IJs are very busy, and many, many lawyers that come before them are ill-prepared, know very little about constitutional law, and people are permitted to practice before the IJ who are disbarred lawyers. So you're not going to get that quality of representation that we have, say, at this hearing, where we have the ACLU. These other people with these thousands of cases, they're just at the mercy of the system, which in many instances is quite cruel. So what you're really saying is that as far as courts of appeal are concerned, that we just got to keep our hands off of all of this and just let whatever happens before the administrative agency. Isn't that the case? Is that what your bottom line is? I'm going to let you answer that question, and then from your presentation, we're done. Go ahead and answer the question. No, Your Honor. Okay. Thank you for your argument. Oh, and thanks for answering that. Well, thanks for answering the questions. They go beyond the scope of this case, but we're painting on, as I said, a broader canvas. We have to explore it. Thank you. Thank you. In regard to my client's particular case, I entirely agree with the government that the IJ is finding this case focused solely upon the question of whether the gravity of threat and harm is material change. However, if the government's contention is correct, that the IJ failed to consider the issue raised here is whether the persecutory motive is material change. In our estimation, this strengthens rather than weakens our position in this petition for rehearing because it raises the question of statutory interpretations, whether the BIA may be deemed to have properly applied this regulation in the absence of such consideration. Furthermore, if this Court agrees that neither the BIA or the IJ considered this issue of potentially changing statutory motives, then one possible remedy is to remand this case to the BIA for that purpose. Thank you. Okay. Thank both sides for their argument. The petition for rehearing will be taken under advisement. The Court will advise parties later of its decision. Judge Prakosten, thank you for participating by video. Well, thank you. What are we going to do? I think we'll continue by video in a second, so why don't Scott take care of it from that end. All right.
judges: Thomas, Hawkins, Pregerson